UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PETER JOSEPH CAVANAGH, | ) | Case No. CV 12-6712-R (RNB) |
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE |
| DIRECTOR, VENTURA COUNTY PROBATION, | ) | |
| Respondent. | ) | |

On August 3, 2012, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein, accompanied by a supporting Memorandum. According to petitioner, he is in "constructive custody" of the Ventura County Superior Court. The Petition purports to be directed to the sentence petitioner received in 2010, when the Ventura County Superior Court found petitioner in violation of the probationary sentence he had received as a result of his 2005 conviction. Petitioner purports to be making various claims relating to the 2010 probation violation proceedings, including claims challenging the state courts' jurisdiction over him. In addition, petitioner purports to be making an "actual innocence" claim, although it is unclear whether this claim relates to petitioner's underlying 2005 conviction or his 2010 probation violation.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner

has exhausted the remedies available in the courts of the State.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). However, the Ninth Circuit has held that, for purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions. See Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003), cert. denied, 541 U.S. 956 (2004); Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc). The Ninth Circuit also has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993);

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam), cert. denied, 455 U.S. 1023 (1982); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Here, it appears from the face of the Petition that petitioner did not exhaust his state remedies with respect to any of his grounds for relief. Petitioner did not list any California Supreme Court filings in the habeas petition form. Indeed, in response to the question on the form asking whether he filed a Petition for Review with the California Supreme Court of the Court of Appeal decision, petitioner checked off the "no" box. Petitioner also checked off the "no" box in response to the question on the form asking whether he previously filed any habeas petitions in any state court with respect to his judgment of conviction. Further, according to the California Appellate Courts website, the only habeas petition filed by petitioner in the California Supreme Court was the habeas petition filed on July 11, 2011 in Case No. S194762 that was denied on August 17, 2011. That habeas petition was directed to the 2008 probation violation proceedings being challenged by petitioner in Case No. CV 11-5863-R (RNB), not petitioner's 2010 probation violation proceedings.

If it were clear that the California Supreme Court would hold that petitioner's unexhausted claims directed to the 2010 probation violation proceedings were procedurally barred under state law, then the exhaustion requirement would be satisfied.[2] See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson, 88 F.3d at 831; Jennison v. Goldsmith, 940 F.2d 1308, 1312

---

[2] In that event, although the exhaustion impediment to consideration of petitioner's claims on their merits would be removed, federal habeas review of the claims would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

(9th Cir. 1991). However, it is not "clear" here that the California Supreme Court will hold that petitioner's unexhausted claims directed to the 2010 probation violation proceedings are procedurally barred under state law. See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either "exception" cited above to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

Further, the Court notes that this is not an appropriate case for invocation of the stay-and-abeyance procedure authorized by Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), or the stay-and-abeyance procedure authorized by Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.), cert. denied, 525 U.S. 920 (1998) and Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). The Rhines procedure applies to mixed petitions, and the Kelly procedure applies to fully exhausted petitions. See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir.), cert. denied, 130 S. Ct. 214 (2009). The Petition herein is neither; rather, it constitutes a petition containing solely unexhausted claims. The Ninth Circuit has held in a post-Rhines decision that the stay-and-abeyance procedure does not apply to petitions containing solely unexhausted claims. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). A petition containing solely unexhausted claims must be dismissed. See Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003).

Accordingly, on or before **September 13, 2012**, petitioner is ordered to show cause in writing, if any he has, why this action should not be summarily dismissed

1 | without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in
2 | the United States District Courts for failure to exhaust state remedies.
3
4 | DATED: August 20, 2012
5
6 | _____
7 | ROBERT N. BLOCK
  | UNITED STATES MAGISTRATE JUDGE