I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 10.9.12

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JOSEPH CAVANAGH,<br><br>Petitioner,<br><br>vs.<br><br>DIRECTOR, VENTURA COUNTY PROBATION,<br><br>Respondent. | Case No. CV 12-6712-R (RNB)<br><br>ORDER DENYING PETITIONER'S STAY AND ABEYANCE REQUEST AND SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

On August 24, 2010, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in Case No. CV 10-6331-R (RNB), ostensibly pursuant to 28 U.S.C. § 2254, along with a supporting Memorandum of Points and Authorities. The Petition purported to be directed to a conviction sustained by petitioner in Ventura County Superior Court on or about June 15, 2005 (sentencing date), following petitioner's guilty plea on or about March 3, 2005 to two of 29 counts charging the willful nonpayment of California taxes. On February 11, 2011, the assigned Magistrate Judge issued a Report and Recommendation in Case No. CV 10-6331-R (RNB), wherein he recommended that the Petition be summarily dismissed for untimeliness and, in the alternative, on account of petitioner's failure to exhaust state remedies. On April 8, 2011, after duly considering petitioner's objections, the Court issued an Order adopting in part the Magistrate Judge's findings, conclusions,

and recommendations. The Court concurred with the Magistrate Judge that it appeared from the face of the Petition that petitioner had not exhausted his state remedies with respect to any of his cognizable grounds for relief being alleged in the Petition. Moreover, the Court rejected the contention made by petitioner in his objections that the exhaustion of state remedies requirement was excused in this matter. Accordingly, the Court adopted the findings, conclusions, and recommendations of the Magistrate Judge with respect to the exhaustion issue. Judgment was entered on April 8, 2011 summarily dismissing Case No. CV 10-6331-R (RNB) without prejudice. Concurrently, the Court issued an Order denying petitioner's motion for a Certificate of Appealability. Petitioner's request for a Certificate of Appealability ultimately was denied by the Ninth Circuit on August 29, 2012.

On July 15, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in Case No. CV 11-5863-R (RNB), accompanied by a supporting memorandum and exhibits. That Petition purported to be directed to the sentence petitioner received in 2008, when the Ventura County Superior Court found petitioner in violation of the probationary sentence he had received as a result of his 2005 conviction. According to petitioner, he still remained in "constructive custody." The Petition purported to allege three grounds for relief. On April 25, 2012, the assigned Magistrate Judge issued a Report and Recommendation in Case No. CV 11-5863-R (RNB) wherein he recommended the denial of the Petition and the dismissal of the action with prejudice. On May 30, 2012, petitioner filed two motions. The first, captioned "Renewed Motion for Leave to File Amended Petition," sought leave to file the proposed First Amended Petition that petitioner had lodged herein on April 10, 2012. The second, captioned "[Alternative] Motion for Stay and Abeyance," sought "stay and abeyance of the Petition pending exhaustion of remedies in state court if necessary." On June 8, 2012, the assigned Magistrate Judge issued a Supplemental Report and Recommendation wherein he recommended the denial of

both of petitioner's motions. Petitioner filed a "Consolidated Objection to Report and Recommendation and Supplemental Report and Recommendation" on July 2, 2012. In the meantime, on June 22, 2012, petitioner filed two motions: a motion to vacate the Supplemental Report and Recommendation, and a motion to extend petitioner's time to file objections to the Supplemental Report and Recommendation. Then, on June 29, 2012, petitioner filed a Motion for Leave to File Second Amended Petition, and concurrently lodged his proposed Second Amended Petition. He then filed an addendum to this motion on July 2, 2012. On July 13, 2012, the Court accepted the findings and recommendations of the Magistrate Judge and denied all of petitioner's pending motions. Judgment was entered that same date denying the Petition and dismissing the action with prejudice. Concurrently, the Court issued an Order denying petitioner a Certificate of Appealability.

On August 3, 2012, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein, accompanied by a supporting Memorandum. According to petitioner, he is in "constructive custody" of the Ventura County Superior Court. The Petition purported to be directed to the sentence petitioner received in 2010, when the Ventura County Superior Court found petitioner in violation of the probationary sentence he had received as a result of his 2005 conviction. Petitioner purported to be making various claims relating to the 2010 probation violation proceedings, including claims challenging the state courts' jurisdiction over him. In addition, petitioner purported to be making an "actual innocence" claim, although it is unclear whether this claim related to petitioner's underlying 2005 conviction or his 2010 probation violation.

Based on his review of the Petition, the assigned Magistrate Judge issued an Order to Show Cause on August 20, 2012. As the Magistrate Judge noted therein, under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has

exhausted the remedies available in the courts of the State.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). The Ninth Circuit has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam), cert. denied, 455 U.S. 1023 (1982); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

As the Magistrate Judge further noted, it appeared from the face of the Petition that petitioner had not exhausted his state remedies with respect to any of his grounds for relief. Petitioner had not listed any California Supreme Court filings in the habeas

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

petition form. Indeed, in response to the question on the form asking whether he filed a Petition for Review with the California Supreme Court of the Court of Appeal decision, petitioner had checked off the "no" box. Petitioner also had checked off the "no" box in response to the question on the form asking whether he previously filed any habeas petitions in any state court with respect to his judgment of conviction. Further, according to the California Appellate Courts website, the only habeas petition filed by petitioner in the California Supreme Court was the habeas petition filed on July 11, 2011 in Case No. S194762 that was denied on August 17, 2011. That habeas petition was directed to the 2008 probation violation proceedings being challenged by petitioner in Case No. CV 11-5863-R (RNB), not petitioner's 2010 probation violation proceedings.

As the Magistrate Judge further noted, if it were clear that the California Supreme Court would hold that petitioner's unexhausted claims directed to the 2010 probation violation proceedings were procedurally barred under state law, then the exhaustion requirement would be satisfied.[2] See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson, 88 F.3d at 831; Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, the Magistrate Judge noted that it was not "clear" here that the California Supreme Court will hold that petitioner's unexhausted claims directed to the 2010 probation violation proceedings are procedurally barred under state law. See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner

---

[2] In that event, although the exhaustion impediment to consideration of petitioner's claims on their merits would be removed, federal habeas review of the claims would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Magistrate Judge therefore concluded that this was not an appropriate case for invocation of either "exception" cited above to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

Finally, the Magistrate Judge noted that this also was not an appropriate case for invocation of the stay-and-abeyance procedure authorized by Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), or the stay-and-abeyance procedure authorized by Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.), cert. denied, 525 U.S. 920 (1998) and Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). The Rhines procedure applies to mixed petitions, and the Kelly procedure applies to fully exhausted petitions. See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir.), cert. denied, 130 S. Ct. 214 (2009). The Petition herein is neither; rather, it constitutes a petition containing solely unexhausted claims. The Ninth Circuit has held in a post-Rhines decision that the stay-and-abeyance procedure does not apply to petitions containing solely unexhausted claims. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). A petition containing solely unexhausted claims must be dismissed. See Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003).

Accordingly, the Magistrate Judge ordered petitioner to show cause in writing why this action should not be summarily dismissed without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Following an extension of time, petitioner filed a response to the Order to Show Cause on October 1, 2012. First, he made the same argument about exhaustion

being excused in the absence of state court jurisdiction that this Court already has rejected in both its Order adopting in part the findings, conclusions, and recommendations of the Magistrate Judge in Case No. Case No. CV 10-6331-R (RNB)[3] and its Order accepting the findings and recommendations of the Magistrate Judge and denying petitioner's pending motions in Case No. CV 11-5863-R (RNB).

Second, petitioner argued in his response to the Order to Show Cause that his grounds for relief have been fairly presented to the California Supreme Court, referring to his California Supreme Court habeas petition in Case No. S194762. However, as noted by the Magistrate Judge in the Order to Show Cause, petitioner's California Supreme Court habeas petition in Case No. S194762 was directed to the 2008 probation violation proceedings being challenged by petitioner in Case No. CV 11-5863-R (RNB), not petitioner's 2010 probation violation proceedings. The Court therefore concurs with the Magistrate Judge that petitioner has not exhausted his state remedies with respect to any of the grounds for relief he is alleging herein directed to his 2010 probation violation proceedings.

Finally, petitioner argued in his response to the Order to Show Cause that the Petition herein is subject to stay and abeyance. However, the Court concurs with the Magistrate Judge that this is not an appropriate case for stay-and-abeyance. Since the Petition contains solely unexhausted claims, it must be dismissed. See Jiminez, 276 F.3d at 481.

//
//
//

---

[3] In denying petitioner a Certificate of Appealability from the Judgment in Case No. CV 10-6331-R (RNB), the Ninth Circuit implicitly found that petitioner had failed to make the requisite showing that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

## ORDER

It therefore is ORDERED that (1) petitioner's stay-and-abeyance request is denied; and (2) this action is summarily dismissed without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: Oct. 4, 2012

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Robert N. Block
United States Magistrate Judge